**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EAMMA JEAN WOODS, | No. 08-70936 |
| Petitioner, | BIA No. A075-964-742 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General of the United States, | MEMORANDUM [*] |
| Respondent. | |

Petition for Review from an Order of the
Board of Immigration Appeals

Submitted March 2, 2010 [**]
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY, [***]  District

Judge.

Eamma Jean Woods petitions for review of a decision of the Board of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]      The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying her application for registry and withholding of removal pursuant to 8 U.S.C. §§ 1259 and 1229a. We deny the petition for review.

An alien is inadmissible and thus ineligible for registry if she admits having committed, or admits committing acts that constitute, the essential elements of a violation of a law or regulation relating to a controlled substance. 8 U.S.C. § 1182(a)(2)(A)(i)(II). During her removal hearing, Woods admitted that she had possessed and been under the influence of cocaine and that this violated two California criminal statutes. She argues that the admission was not validly obtained because she was not provided with a definition of the elements of the offense in a way that she could understand, and that her admission was not voluntary because she was confused. *See Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1215-16 (9th Cir. 2002). We disagree. The government's attorney explained the pertinent statutes to Woods and provided her with a copy to read. Though there were moments during her testimony when she appeared confused, the statutes were clarified for her, after which she unequivocally answered "yes" to direct questions about whether she engaged in those behaviors. We conclude that Woods made a valid admission of a controlled substance offense and is inadmissible, and thus ineligible for registry, under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

2

Woods also contends that she is eligible for withholding of removal on the basis of membership in a particular social group and for protection under the Convention Against Torture. Woods failed to show, however, that she belonged to a group "united by a voluntary association, including a former association, *or* by an innate characteristic that is so fundamental to the identities or consciences of its members that members either cannot or should not be required to change it." *Hernandez-Montiel v. INS*, 225 F.3d 1084, 1093 (9th Cir. 2000), *overruled in part on other grounds by Thomas v. Gonzales*, 409 F.3d 1177, 1187 (9th Cir. 2005). Woods identifies her particular social group as single, homeless, black, exclusively English-speaking women in their mid-40s with serious health issues. The IJ and BIA both ruled that this definition did not qualify as a "particular social group" because the identified characteristics are not immutable. We agree. At her removal hearing, Woods admitted that wealth and homelessness were alterable conditions.

Woods also contends that she fears persecution or intentionally-inflicted harm based on her race, her gender, and her medical issues. At her removal hearing, however, Woods acknowledged that she has no specific reason to fear persecution or ill treatment in Honduras, but only a generalized fear of moving there. Speculative worries about difficult conditions in a country are insufficient to

establish a well-founded fear of persecution.  *See, e.g., Limsico v. INS*, 951 F.2d 210, 212 (9th Cir. 1991).  We conclude that the IJ and the BIA did not err in determining that Woods's evidence was insufficient to establish that she is more likely than not to be persecuted on the basis of a protected ground or subjected to intentionally-inflicted cruel treatment if removed to Honduras.

Finally, Woods argues that she should be granted asylum.  This claim is not properly before this court.  The BIA found her to have waived her asylum argument while her case was before the IJ, and Woods does not challenge that determination here.

For the foregoing reasons, the petition for review is DENIED.